UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Chris Martinez,

    Petitioner,

v.

Michael Segal,

    Respondent.

Case No. 22-cv-2203 (MJD/DTS)

**REPORT & RECOMMENDATION**

Petitioner Chris Martinez brought a habeas petition under 28 U.S.C. § 2241 seeking application of earned time credits (TCs) under the First Step Act of 2018 (FSA). Dkt. Nos. 1, 2, 17. In particular, Martinez claims the Bureau of Prison's refusal to apply her TCs to her supervised release violates the law. Respondent makes several opposing arguments: (1) Martinez has not exhausted her administrative remedies; (2) her petition is premature; (3) the BOP's interpretation of the FSA which precludes early transfer to supervised release is reasonable. Because Martinez has failed to exhaust administrative remedies the Court recommends that Martinez's petition [Dkt. No. 1] be denied.

**FINDINGS OF FACT**

Martinez is currently incarcerated at the Federal Corrections Institution, Waseca, Minnesota. Dkt. No. 1, at 1. She is serving a 92-month term of imprisonment with five years of supervision for conspiracy to possess with intent to distribute methamphetamine. Dkt. No. 14-2, Ex. B. Martinez's projected good conduct release date is June 12, 2024. *Id.* At the time of Martinez's petition, she was subject to two Parole Violation Warrants (PVWs) in Florida. Declaration of Christopher Parrent at ¶ 12, Dkt. No. 15. At the time of

filing her petition, Martinez had earned the maximum allowed TCs toward her release, at 365 days. *See* Ex. B, Dkt. No 14-2. Martinez claims that while she has earned those credits, the BOP is unlawfully withholding application of them. *See* Petition, Dkt. No. 1.

In June 2022, Martinez attempted informal resolution of her grievance (Declaration of Shannon Boldt (Boldt Decl.), Ex. C, Dkt. No. 13-3 at 5), then initiated a Request for Administrative Remedy (AR), seeking to have her TCs reflected in her release date. *Id.* at 4 (marked by hand as AR # 2176). She appealed an adverse determination to the regional level, and the Regional Director issued a new sentence computation reflecting 365 days of TCs, bringing Martinez's projected release date to June 13, 2023. *Id.* at 1. A few weeks later, the sentence computation again reflected a projected release date of June 12, 2024. Petition, Ex. C, Dkt. No. 1-1 at 3. In late August 2022, Martinez again attempted informal resolution and initiated another AR. Boldt Decl., Ext. D, Dkt. No. 13-4 at 3, 2 (marked by hand as # 2207). On September 8, 2022, she received an adverse decision from the warden. *Id.* at 1. Though Martinez appealed that decision, the record does not indicate how this AR did or did not resolve; at the time of the parties' briefing, the regional director had not decisioned the appeal. Boldt Decl. at ¶ 18, Dkt. No. 13. Martinez sued in this Court on September 9, 2022. *See* Petition, Dkt. No. 1.

Shortly after the parties briefed this issue in November 2022, the BOP issued a Change Notice to Program Statement 5410.01, which reflected updated BOP policy about whether inmates with detainers can earn and apply their TCs. That policy was updated again in February 2023, further modifying guidance for applying the FSA to inmates with detainers. *See* Change Notice, First Step Act of 2018, U.S. Dept. of Justice, https://www.bop.gov/policy/progstat/5410.01_cn.pdf (last visited June 13, 2023)

(telegraphing both the November 2022 and February 2023 change notices). Particularly salient here, these Change Notices made it clear that the existence of an outstanding detainer does not necessarily preclude an inmate from earning TCs (November 2022 change notice) or applying TCs (February 2023 change notice), as was the case before the change. *Id.*; *see also Portillo v. Janson*, No. 4:23-1402, 2023 WL 3559366 at *2 (D. S.C., April 18, 2023); *Garrido v. Warden, FCI-Mendota*, 1:22-cv-00991, 2023 WL 2587894, at *5 (D. Calif. March 21, 2023).

## CONCLUSIONS OF LAW

Prior to filing for habeas relief in federal court, a prisoner must ordinarily exhaust her administrative remedies. *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000); *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). By requiring exhaustion of the prison's grievance procedures, courts avoid "toppl[ing] over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952)). That said, exhaustion is not jurisdictional and courts may hear unexhausted grievances where proceeding with the remedies process would be futile. *E.g.*, *Raymond v. Bd. of Regents of the Univ. of Minn.*, 847 F.3d 585, 591 (8th Cir. 2017).

The BOP argues Martinez has failed to exhaust the available administrative remedies. Martinez responds that she has exhausted, or alternatively, that she should be excused from exhausting. The Court agrees that Martinez has failed to exhaust her administrative remedies, and her petition should be denied on that basis. The Administrative Remedy Process detailed in 28 C.F.R. § 542.10–19 applies to FCI

3

Waseca as an institution operated by the Federal BOP. 28 C.F.R. § 542.10. The ARP includes four essential steps. First, inmates must seek informal resolution of their grievance; informal grievance procedures are set by the prison warden. *Id.* at § 542.13. Second, if no informal resolution is met, inmates then must complete the appropriate form, a BP-9, and submit it to the warden. *Id.* at 542.14(a). Third, if an inmate is unhappy with the warden's response to the BP-9, appeal to the Regional Director is available. *Id.* at 542.15. Fourth and finally, appeal to the BOP's Central Office is available where an inmate is dissatisfied with the Regional Director's disposition of the grievance. *Id.*

While Martinez's first AR (# 2176) was resolved to her satisfaction at the regional level, her projected release date computation changed again shortly thereafter. Boldt Decl. Ex. C, Dkt. No. 13-3 at 1. She then imitated another AR (# 2207), received an adverse decision from the warden and immediately filed suit in this Court. As of the briefing on this petition, Martinez had appealed AR # 2207 to the regional level, but had not yet received a response and the record does not indicate any more movement on the AR. AR 2207 is therefore not properly exhausted, Martinez having failed to fulfill the third and fourth essential steps outlined above. 28 C.F.R. § 542.10–19.

Furthermore, because the BOP's policy on application of TCs for inmates with detainers has evolved during the pendency of this petition, the BOP should have the opportunity to address Martinez's grievance internally, as the underlying reasoning for exhaustion of administrative remedies contemplates. *See Woodford*, 548 U.S. at 90. As it stands, the record does not indicate that the BOP has had an opportunity to respond to Martinez's grievance in light of its evolving policy.

4

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS Martinez's habeas petition [Dkt. No. 1] be DENIED.

Dated: June 14, 2023                      s/David T. Schultz_____
                                                   DAVID T. SCHULTZ
                                                   U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).